FILED

**NOT FOR PUBLICATION**

AUG 05 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff - Appellee,<br><br>  v.<br><br>HOLLIS H. HONEYCUTT, II, AKA Hollis Honeycutt, AKA Hollis H Honeycutt, AKA Howard Honeycutt, AKA Howie Honeycutt, AKA Howie Ziegler,<br><br>     Defendant - Appellant. | No. 10-30022<br><br>D.C. No. 3:09-cr-00056-TMB-JDR-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted February 8, 2011
Seattle, Washington

Before: B. FLETCHER, PAEZ, and IKUTA, Circuit Judges.

The recording of Honeycutt's interrogation was relevant because it showed

that Honeycutt's description of the events leading to his purchase of the gun was

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

inconsistent with Graham's testimony, and also demonstrated Honeycutt's nervous reaction when questioned by authorities. *See* Fed. R. Evid. 401; *United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000). A district court has broad discretion to admit evidence regarding a defendant's demeanor under interrogation. *United States v. Velarde-Gomez*, 269 F.3d 1023, 1030 (9th Cir. 2001) (en banc). Any prejudicial effect from Honeycutt's use of profanity did not substantially outweigh the tape's probative value, Fed. R. Evid. 403; *United States v. Meling*, 47 F.3d 1546, 1557 (9th Cir. 1995), particularly in light of the trial court's limiting instruction that the jury was not to consider such profanity. *United States v. Cardenas-Mendoza*, 579 F.3d 1024, 1030 (9th Cir. 2009). Therefore, the district court did not abuse its discretion by denying Honeycutt's motion in limine to exclude the recording of his interrogation.

Nor did the district court abuse its discretion by denying Honeycutt's motion for a new trial.[1] Fed. R. Crim. P. 33; *United States v. Moses*, 496 F.3d 984, 992–93 (9th Cir. 2007). Credibility determinations are the province of the jury, *see United States v. Weatherspoon*, 410 F.3d 1142, 1147 (9th Cir. 2005), and we may not revisit them, *United States v. Nevils*, 598 F.3d 1158, 1164 n.2 (9th Cir. 2010) (en

---

[1] Because Honeycutt failed to develop any argument that the district court erred in denying his Rule 29 motion for acquittal, he has waived this issue. *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

banc).  Moreover, the prosecutor's comments on Honeycutt's demeanor in his closing argument were permissible comments on the evidence, rather than improper vouching.  *See United States v. Young*, 470 U.S. 1, 18 (1985).

**AFFIRMED**.

*United States v. Honeycutt*, 10-30022

Fletcher, B., specially concurring:

I concur in the majority's holding that the district court did not abuse its discretion by denying Honeycutt's motion for a new trial. I also concur in the majority's holding that the district court did not abuse its discretion, under Federal Rules of Evidence 403 and 404, in denying Honeycutt's motion in limine to exclude the recording of his interrogation. I write separately, however, to address an issue lurking in the background of this appeal, lest our disposition be read too broadly.

This case implicates an important question: What type of evidence may be fairly characterized as "demeanor evidence"? In the context of the Fifth Amendment's prohibition against self-incrimination, the Supreme Court has distinguished "physical" or "demeanor" evidence, on the one hand, from "testimonial" evidence, on the other. *See Pennsylvania v. Muniz*, 496 U.S. 582, 591–92 (1990) ("We have since applied the distinction between 'real or physical' and 'testimonial' evidence in other contexts where the evidence could be produced only through some volitional act on the part of the suspect."); *id.* at 592 (discussing defendant's compelled participation in a lineup or provision of a handwriting sample or voice exemplar as acceptable forms of "real or physical" evidence).

"Demeanor evidence often involves the admission of evidence concerning a defendant's slurred speech, apparent nervousness, or a defendant's demeanor during a polygraph test, even though the results [of such a test] may not be admissible." *United States v. Velarde-Gomez*, 269 F.3d 1023, 1030 (9th Cir. 2001) (en banc) (citations and punctuation omitted).

At issue here is an audio recording of Honeycutt's denials of wrongdoing. The concept of "demeanor evidence" has never been extended to such evidence, and our panel does not reach the issue today. We must be careful to cabin what constitutes true "demeanor evidence," and not permit that label to be used to smuggle in otherwise inadmissible evidence. The admission of this type of recording in a criminal trial where the defendant chose *not* to take the stand—as is the case here—could raise significant Fifth Amendment problems were the defendant to raise the *proper* objection: that the recording is not true "demeanor evidence."[1]

Defense counsel never argued that the admission of the audio recording was error because the recording cannot be properly classified as "demeanor

---

[1] To be clear, this was not a case where the interrogating officers testified about the defendant's demeanor during questioning. *See, e.g.*, *United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000). Instead, Honeycutt's recorded voice was played for the jury during his criminal trial, at which he had decided *not* to testify.

evidence"—not even on appeal. Instead, defense counsel has contended only that the recording is inadmissible character evidence. The failure to raise the "demeanor evidence" issue deprived us of the arguments necessary to fully evaluate this problem. Accordingly, we do not reach the issue of the recording's admissibility on that basis here.